Allen Sattler (SBN 321086)
asattler@constangy.com
Andrew Pak (SBN 354248)
(*Pro Hac Vice* forthcoming)
apak@constangy.com
**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
T: (714) 853-6710

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JEFFREY VANDERPOEL, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>KINGSTON BRASS, INC.,<br><br>Defendant. | CASE NO: 3:26-cv-04102-AJB-DEB<br><br>**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT**<br><br>Complaint Filed: July 16, 2026<br><br>**DEMAND FOR JURY TRIAL**<br><br>Assigned to: Judge Anthony J. Battaglia<br>Referred to: Magistrate Judge Daniel E. Butcher |

Defendant LVC KINGSTON, LLC, erroneously named KINGSTON BRASS, INC ("Defendant"), by and through undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure ("FRCP"), hereby answers the Class Action Complaint ("Complaint") of Plaintiff JEFFREY VANDERPOEL ("Plaintiff").

Defendant has adopted the headings from the Complaint for ease of reference only and denies any allegation or characterization in them.

**INTRODUCTION**

1. Defendant admits that Plaintiff purports to bring this action but denies that Plaintiff or the putative Class Members are entitled to any relief and denies any

remaining allegations in Paragraph 1 of the Complaint.

2. Defendant only admits Plaintiff purports to bring this action against the Defendant. Defendant denies all remaining allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations as to what the technologies capture and transmit. The remainder of the allegations in Paragraph 3 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 3 of the Complaint.

4. The allegations of Paragraph 4 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 4 of the Complaint.

**PARTIES**

5. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 5 of the Complaint, and therefore, denies the same.

6. Defendant is a corporation formed in Delaware, with its principal place of business in California. Defendant admits defendant owns and operates https://www.kingstonbrass.com ("Website"). Defendant denies any remaining allegations in Paragraph 6 of the Complaint.

**JURISDICTION AND VENUE**

7. The allegations of Paragraph 7 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 7 of the Complaint.

8. The allegations of Paragraph 8 constitute conclusions of law, to which no response is required. To the extent a response is required, Defendant admits that personal jurisdiction exists in this District. Defendant denies any remaining allegations in Paragraph 8 of the Complaint.

9. The allegations of Paragraph 9 constitute conclusions of law, to which

no response is required. To the extent a response is required, Defendant does not contest that venue is proper in this District.

## COMMON FACTUAL ALLEGATIONS

10. Defendant only admits it owns and operates the Website. Defendant denies the remaining allegations of Paragraph 10.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant denies the allegations in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 13 of the Complaint, and therefore, denies the same.

14. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 14 of the Complaint, and therefore, denies the same.

15. Defendant lacks knowledge or information sufficient to admit or deny the allegations contained in Paragraph 15 of the Complaint, and therefore, denies the same.

16. Defendant denies the allegations in Paragraph 16 of the Complaint.

17. Defendant denies the allegations in Paragraph 17 of the Complaint.

18. The allegations of Paragraph 18 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 18 of the Complaint.

19. Defendant lacks knowledge or information sufficient to admit or deny the allegations regarding Plaintiff's conduct contained in Paragraph 19 of the Complaint and therefore denies the same. Defendant denies all remaining allegations in Paragraph 19 of the Complaint.

20. Defendant denies the allegations in Paragraph 20 of the Complaint.

21. Defendant denies the allegations in Paragraph 21 of the Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as

to the truth of the allegations regarding Meta's statements about Meta Pixel's capabilities and therefore denies the same. Defendant denies the remaining allegations in Paragraph 22 of the Complaint.

23. Defendant denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. The allegations of Paragraph 26 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 26 of the Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Meta's intent and therefore denies the same. Defendant denies the remaining allegations in Paragraph 27 of the Complaint.

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations of Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. The allegations of Paragraph 31 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 31 of the Complaint.

32. The allegations of Paragraph 32 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 32 of the Complaint.

33. Defendant admits the allegations in Paragraph 33 of the complaint.

34. Defendant denies the allegations in Paragraph 34 of the complaint.

35. The allegations of Paragraph 35 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 35 of the Complaint.

36. The allegations of Paragraph 36 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response,

Defendant denies all allegations in Paragraph 36 of the Complaint.

37. The allegations of Paragraph 37 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 37 of the Complaint.

38. The allegations of Paragraph 38 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 38 of the Complaint.

39. The allegations of Paragraph 39 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 39 of the Complaint.

40. The allegations of Paragraph 40 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 40 of the Complaint.

41. The allegations of Paragraph 41 of the complaint that this "will be the subject of further discovery" states Plaintiff's litigation intentions, and no response is required; to the extent a response is deemed required, denied. The remaining allegations of Paragraph 41 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 41 of the Complaint.

## CLASS ALLEGATIONS

42. In response to Paragraph 42 of the Complaint, Defendant only admits that the Plaintiff seeks to assert this claim against Defendant on his own behalf and on behalf of a putative class. Defendant denies that Plaintiff adequately states a claim against Defendant or that Plaintiff is entitled to any of the relief sought. Defendant further denies that Plaintiff has defined an ascertainable class.

43. The allegations of Paragraph 43 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 43 of the Complaint.

44. The allegations of Paragraph 44 constitute conclusions of law, to which no response is required.

45. The allegations of Paragraph 45 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 45 of the Complaint.

46. The allegations of Paragraph 46 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 46 of the Complaint.

47. The allegations of Paragraph 47 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 47 of the Complaint.

48. The allegations of Paragraph 48 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 48 of the Complaint.

49. The allegations of Paragraph 49 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 49 of the Complaint.

50. The allegations of Paragraph 50 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 50 of the Complaint

51. The allegations of Paragraph 51 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies any allegations in Paragraph 51 of the Complaint.

## COUNT I

**Violation of the Electronic Communications Privacy Act**
**(Federal Wiretap Act), 18 U.S.C. § 2511(1), et seq.**

52. Defendant incorporates by reference their responses to the allegations in the previous paragraphs 1 through 51 of the Complaint as if fully set forth herein.

53. In response to Paragraph 53 of the Complaint, Defendant only admits that the Plaintiff seeks to assert this claim against Defendant. Defendant further denies that Plaintiff has alleged an ascertainable class.

54. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 54 of the Complaint.

55. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 55 of the Complaint.

56. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 56 of the Complaint.

57. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 57 of the Complaint.

58. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 58 of the Complaint.

59. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 59 of the Complaint.

60. The allegations of Paragraph 60 constitute conclusions of law, to which

no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 60 of the Complaint.

61. The provisions of the ECPA speak for themselves. To the extent Plaintiff characterizes or interprets the ECPA, such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 61 of the Complaint.

62. The allegations of Paragraph 62 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 62 of the Complaint.

63. The allegations of Paragraph 63 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. The allegations of Paragraph 66 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 66 of the Complaint.

67. The allegations of Paragraph 67 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. The allegations of Paragraph 69 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 69 of the Complaint.

70. The allegations of Paragraph 70 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 70 of the Complaint.

71. Defendant denies the allegations in Paragraph 71 of the Complaint.

72. The allegations of Paragraph 72 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 72 of the Complaint.

73. The allegations of Paragraph 73 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 73 of the Complaint.

74. Defendant denies the allegations in Paragraph 74 of the Complaint.

75. Defendant denies the allegations in Paragraph 75 of the Complaint.

76. The allegations of Paragraph 76 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 76 of the Complaint.

77. The allegations of Paragraph 77 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 77 of the Complaint.

78. The allegations of Paragraph 78 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 78 of the Complaint.

79. The allegations of Paragraph 79 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 79 of the Complaint.

## COUNT II

**Violation of the California Invasion of Privacy Act**

**Cal. Penal Code § 631(a)**

80. Defendant incorporates by reference their responses to the allegations in the previous Paragraphs 1-79 of the Complaint as if fully set forth herein.

81. In response to Paragraph 81 of the Complaint, Defendant only admits that the Plaintiff seeks to assert this claim against Defendant. Defendant further denies that Plaintiff has alleged an ascertainable class.

82. Cal. Penal Code § 631(a) speaks for itself. To the extent Plaintiff characterizes or interprets the Cal. Penal Code § 631(a), such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 82 of the Complaint.

83. The allegations of Paragraph 83 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 83 of the Complaint.

84. The allegations of Paragraph 84 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 84 of the Complaint.

85. Defendant denies the allegations in Paragraph 85 of the Complaint.

86. Defendant denies the allegations in Paragraph 86 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint.

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. The allegations of Paragraph 92 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 92 of the Complaint.

## COUNT III

### Use of a Pen Register or Trap and Trace Device

### Cal. Penal Code § 638.51

93. Defendant incorporates by reference their responses to the allegations in the previous Paragraphs 1 through 92 of the Complaint as if fully set forth herein.

94. In response to Paragraph 94 of the Complaint, Defendant only admits that the Plaintiff seeks to assert this claim against Defendant. Defendant further denies that Plaintiff has alleged an ascertainable class.

95. Cal. Penal Code § 638.50(b) speaks for itself. To the extent Plaintiff characterizes or interprets the Cal. Penal Code § 638.50(b) such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 95 of the Complaint.

96. Cal. Penal Code § 638.50(c) speaks for itself. To the extent Plaintiff characterizes or interprets the Cal. Penal Code § 638.50(c), such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 96 of the Complaint.

97. Cal. Penal Code § 638.51 speaks for itself. To the extent Plaintiff characterizes or interprets the Cal. Penal Code § 638.51, such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 97 of the Complaint.

98. The allegations of Paragraph 98 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 98 of the Complaint.

99. The allegations of Paragraph 99 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 99 of the Complaint.

100. The allegations of Paragraph 100 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 100 of the Complaint.

## COUNT IV

### Invasion of Privacy

### California Constitution, Article I, Section 1

101. Defendant incorporate by reference their responses to the allegations in the previous Paragraphs 1-100 of the Complaint as if fully set forth herein.

102. In response to Paragraph 102 of the Complaint, Defendant only admits that the Plaintiff seeks to assert this claim against Defendant. Defendant further denies

that Plaintiff has alleged an ascertainable class.

103. Article I, Section 1 of the California Constitution speaks for itself. To the extent Plaintiff characterizes or interprets Article I, Section 1 of the California Constitution, such allegations state legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 103 of the Complaint.

104. The allegations of Paragraph 104 constitute conclusions of law, to which no response is required.

105. The allegations of Paragraph 105 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 105 of the Complaint.

106. The allegations of Paragraph 106 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 106 of the Complaint.

107. The allegations of Paragraph 107 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 107 of the Complaint.

108. Defendant denies the allegations in Paragraph 108 of the complaint.

109. The allegations of Paragraph 109 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 109 of the Complaint.

**COUNT V**

**Intrusion Upon Seclusion**

**California Common Law**

110. Defendant incorporates by reference their responses to the allegations in the previous Paragraphs 1-110 of the Complaint as if fully set forth herein.

111. In response to Paragraph 111 of the Complaint, Defendant only admits that the Plaintiff seeks to assert this claim against Defendant. Defendant further denies

that Plaintiff has alleged an ascertainable class.

112. The allegations of Paragraph 112 constitute conclusions of law, to which no response is required.

113. The allegations of Paragraph 113 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 113 of the Complaint.

114. The allegations of Paragraph 114 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 114 of the Complaint.

115. The allegations of Paragraph 115 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 115 of the Complaint.

116. Defendant Denies the allegations in Paragraph 116.

117. The allegations of Paragraph 117 constitute conclusions of law, to which no response is required. Should the allegations be deemed to require a response, Defendant denies all allegations in Paragraph 117 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff, on behalf of himself and each member of the Putative Class, are entitled to any of the relief requested, including all subparts, of the Prayer for Relief contained in Plaintiff's Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

In further answer to the Complaint, Defendant assert the following affirmative defenses. In asserting these defenses, Defendant does not assume the burden of proof as to matters that, as a matter of law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiff's Complaint, and each purported cause of action therein, fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

Defendant alleges that Plaintiff and the putative class lack standing to assert the claims alleged.

**THIRD AFFIRMATIVE DEFENSE**

**(Plaintiff's Own Acts)**

Plaintiff's alleged damages, if any, resulted from Plaintiff's failure to exercise ordinary care, caution, or prudence on his own behalf, which reduces any damages proximately caused by Plaintiff's own acts or failure to act.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Join Necessary Parties)**

Defendant alleges that Plaintiff has failed to join all parties required for the Court to award complete relief, if any.

**FIFTH AFFIRMATIVE DEFENSE**

**(Consent/Ratification)**

The alleged conduct complained of in the Complaint was approved, consented to, authorized, and/or ratified by Plaintiff through his actions, omissions, and course of conduct, in that Plaintiff was knowledgeable of the facts and policies concerning his use of the Websites.

**SIXTH AFFIRMATIVE DEFENSE**

**(Laches)**

To the extent that Plaintiff acted with unreasonably delay in bringing his claims, he is barred from recovery under this Complaint and any cause of action thereof.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Statutory Penalties Unavailable)**

Plaintiff is not entitled to statutory penalties as Defendant has no legal basis for statutory penalties.

/ / /

**EIGHTH AFFIRMATIVE DEFENSE**

**(Equitable Estoppel)**

Plaintiff was knowledgeable of the facts and policies concerning The Websites. Defendant relied on Plaintiff's knowledge and conduct. The Complaint and the causes of action alleged therein are therefore barred by the doctrine of equitable estoppel.

**NINTH AFFIRMATIVE DEFENSE**

**(Waiver)**

Plaintiff was knowledgeable of the facts and policies concerning his use of the Website. Defendant relied on Plaintiff's knowledge and conduct. The Complaint and the causes of action alleged therein are therefore barred by the doctrine of waiver.

**TENTH AFFIRMATIVE DEFENSE**

**(No Damages)**

The Complaint is barred in whole or in part because Plaintiff did not suffer any cognizable damage or other harm as a proximate result of any alleged act or omission of Defendant or its agents or employees.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff failed and neglected to mitigate his damages if any so as to reduce and/or diminish her claim.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Unconstitutional Damages)**

Plaintiff's claims for statutory penalties violate the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the U.S. Constitution and corresponding Articles of the California Constitution because: (a) the statutory and/or civil penalties claimed are vastly disproportionate to the statutory and/or actual damages claimed or available; (b) the award of statutory and/or civil penalties would constitute an arbitrary and capricious taking of Defendant's property which is unjustified by any rational governmental interest; and/or (c) the statutes are unconstitutionally vague,

unenforceable or unjustifiably arbitrary.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Adequate Legal Remedy)**

Plaintiff's claims for equitable relief are barred because Plaintiff has an adequate and complete legal remedy at law, and/or Plaintiff cannot make the requisite showing to obtain injunctive relief in this dispute.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Prejudgment Interest)**

Defendant alleges that the Complaint fails to properly state a claim upon which prejudgment interest may be awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment interest.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(No Willfulness / Good Faith)**

Plaintiff's claims for enhanced, statutory, or punitive damages are barred because Defendant acted in good faith and in reliance on industry-standard analytics practices and applicable law. Defendant did not engage in willful, intentional, or reckless conduct as required to support enhanced damages under applicable law.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Acts of Third Parties)**

Plaintiff's claims are barred, in whole or in part, because any alleged acts or omissions were performed by independent third parties.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

To the extent that Plaintiff comes to this Court with unclean hands, he is barred from recovery under this Complaint, or any cause of action thereof.

/ / /

/ / /

/ / /

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

Plaintiff was knowledgeable of the facts and policies concerning Defendant's Website, and Plaintiff assumed the risk. The Complaint and the causes of action alleged therein are therefore barred.

**NINETEENTH AFFIRMATIVE DEFENSE**

**(Failure to Satisfy Rule 23 Requirements)**

This action may not properly be maintained as a class action because Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23(a) or 23(b). The putative class and subclass lack numerosity, commonality, typicality, and adequacy of representation. Individual questions of fact and law — including consent, notice, individual browsing history, and the nature of information transmitted for each putative class member — predominate over any common questions. A class action is not superior to other available methods of adjudicating the controversy.

**TWENTIETH AFFIRMATIVE DEFENSE**

**(Res Judicata)**

Plaintiff and putative class members' claims for relief are barred, in whole or in part, by the doctrine of res judicata to the extent any such claims have been previously adjudicated.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**(Collateral Estoppel)**

Plaintiff and putative class members' claims for relief are barred, in whole or in part, by the doctrine of collateral estoppel to the extent any issues raised in this action have been previously litigated and decided.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**(Misnomer)**

Defendant alleges that Plaintiff has incorrectly named Defendant in the complaint. To the extent the complaint purports to assert claims against the Defendant

under an incorrect name, Defendant asserts misnomer as an affirmative defense and reserves all rights and defenses arising from Plaintiff's failure to properly identify the appropriate party.

**RESERVATION OF RIGHTS**

Defendant reserves the right to amend this Answer and to assert additional affirmative defenses that may become known during the course of discovery or further proceedings in this action, including but not limited to the defense of after-acquired evidence. The assertion of any defense herein is not intended as, and shall not be construed as, a waiver of any other defense available to Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant respectfully requests that the Court:

- Dismiss the Complaint in its entirety with prejudice;
- Deny certification of any class or subclass;
- Enter judgment in favor of Defendant on all claims;
- Award Defendant their costs of suit and attorneys' fees to the extent permitted by law; and
- Grant Defendant such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: September 21, 2026

**CONSTANGY, BROOKS, SMITH & PROPHETE, LLP**

By: */s/Allen Sattler*
Allen Sattler
Andrew Pak, (*Pro Hac Vice* forthcoming)
*Attorneys for Defendant*
*Kingston Brass, Inc.*